**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **BOARD OF TRUSTEES, INTERNATIONAL** | : | |
| **TRAINING INSTITUTE FOR THE SHEET** | : | |
| **METAL AND AIR CONDITIONING** | : | |
| **INDUSTRY,** *et al*. | : | |
| **Plaintiffs,** | : | **Case No.:** |
| | : | **1:14-cv-782 (JCC)  (IDD)** |
| **v.** | : | |
| | : | |
| **ALL AROUND SPIRAL, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Defendant, All Around Spiral, Inc. (hereinafter "AAS"), by counsel, hereby opposes the

motion of Plaintiffs, the separate and individual Boards of Trustees for the International Training

Institute for the Sheet Metal and Air Conditioning Industry, National Energy Management

Committee, Sheet Metal Occupational Health Institute Trust Fund, and Stabilization Agreement

for the Sheet Metal Industry (collectively, the "Funds") for summary judgment.

Contrary to Plaintiffs' argument, the instant action is anything but a straightforward action

for alleged delinquent payments of contributions.  Numerous good faith disputes of material fact

exist which warrant a trial, such as who the covered employees are and when AAS ceased to

have an obligation to make payments to the Funds.  Additionally, AAS is not bound to the

collective bargaining agreement submitted by Plaintiffs.  For the foregoing reasons and those set

forth further below, the motion must be denied in its entirety because genuine issues of material

fact exist as to (1) whether AAS is bound to a collective bargaining agreement ("CBA"); (2) if

bound, when AAS' obligations under the CBA ceased; (3) whether the Funds' calculations of any post-January 2014 calculations are correct; and (4) what employees are covered by the CBA.

## PLAINTIFFS' STATEMENT OF FACTS

1. **Admitted.**

2. **Admitted.**

3. **Admitted.**

4. **Admitted.**

5. **Admitted.**

6. **Admitted.**

7. **Disputed:** All Around Spiral no longer employs employees represented for the purposes of collective bargaining by Local Union No. 28.

8. **Disputed:** Though AAS was once bound by a CBA with Sheet Metal Workers' International Association Local Union No. 28 ("Local 28"), it ceased to be bound by the CBA in January 2014, when Local 28 pulled all manpower from AAS. See Declaration of Robert F. Milman, Esq. (hereinafter "Milman Decl.") ¶¶ 3-4, Ex. A. Furthermore, AAS was not bound to the CBA submitted by Plaintiffs. See Declaration of Ashley Kern (hereinafter "Kern Decl.") ¶¶ 1-5. Despite the fact that the Funds subsequently terminated AAS on July 22, 2014, AAS' obligation to make funds contributions ceased as a result of the January 2014 termination. See Docket Entry 41, SOF ¶ 8; Milman Decl. ¶¶ 5-6, Ex. B.

9. **Admitted to the extent that** AAS once was required to submit remittance reports to the Funds reflecting each hour of covered work performed. See Milman Decl. ¶¶ 3-4, 5-6 Exs. A-B.

10. **Admitted.**

11. **Admitted.**

2

12. **Admitted.**

13. **Admitted.**

14. **Admitted to the extent that** it accurately describes the text of the document; **Disputed** that the CBA submitted by Plaintiffs is one to which AAS is bound.  <u>See</u> <u>Kern</u> <u>Decl.</u> ¶¶ 1-5.

15. **Admitted to the extent that** it accurately describes the text of the document; **Disputed** that the CBA submitted by Plaintiffs is one to which AAS is bound.  <u>See</u> <u>Kern</u> <u>Decl.</u> ¶¶ 1-5.

16. **Admitted to the extent that** it accurately describes the text of the document; **Disputed** that the CBA submitted by Plaintiffs is one to which AAS is bound.  <u>See</u> <u>Kern</u> <u>Decl.</u> ¶¶ 1-5.

17. **Disputed:** Cari Greene, the Compliance Manager of the Sheet Metal Workers' National Pension Fund, administers the Plaintiffs' assessment and collection of delinquent contributions. <u>See</u> Docket Entry 42, ¶ 1.  Using documents provided in the course of discovery, Ms. Greene calculated the alleged contributions for the period of the second week of January 2014 through December 2014.  <u>See</u> Docket Entry 42, ¶¶ 14-15.  Notwithstanding the fact that those documents containing payroll records were not divided according to the month, the documents were, in fact, divided according to each employees' wages.  <u>See</u> <u>Naji Decl.</u> ¶ 3, <u>Ex.</u> B.  Not all employees were considered covered employees under the CBA that AAS was formally bound to.  <u>See</u> <u>Kern</u> <u>Decl.</u> ¶ 6. Plaintiffs' breakdown of delinquent funds contributions only contains a breakdown for undisputed amounts prior to January 2014.  <u>See</u> <u>Greene</u> <u>Decl.</u> ¶ 20, <u>Ex.</u> C (the last line of pages 5 through 7 under "Jun 2014" are not broken down by month or employee.  <u>See</u> <u>Kern</u> <u>Decl.</u> ¶¶ 7-8). When AAS was bound to a CBA with Local 28, it submitted remittance reports to the Funds as required for three (3) covered employees: Carros, Kern, and Minieri.  <u>See</u> <u>Milman</u> <u>Decl.</u> ¶ 7, <u>Ex.</u> C. Despite due demand, Plaintiffs have failed to submit an itemized list of the alleged delinquent contributions owed post-January 2014.  <u>See</u> <u>Milman</u> <u>Decl.</u> ¶ 8.

3

18. **Disputed to the extent that** Plaintiffs seek any interest and liquidated damages following January 2014.  See Milman Decl. ¶¶ 3-4, 5-6 Exs. A-B.

19. **Disputed to the extent that** Plaintiffs failed to submit any evidence establishing that payments were made late.

20. **Disputed to the extent that** Plaintiffs seek any delinquent contributions, interest, and liquidated damages following January 2014.  See Milman Decl. ¶¶ 3-4, 5-6 Exs. A-B.

## GENUINE MATERIAL ISSUES OF FACT NOT IN DISPUTE

The following facts are truly undisputed:

1.  Section 3 of Article VII of the Funds' Trust Documents state: "the Board of Trustees shall not be required to compel and enforce the payment of Contributions, or to be personally or collectively responsible therefore if, in the opinion of the Board of Trustees, the enforcement of the payment of Contributions would involve an expense greater to the Fund than the amount to be obtained from any effort to compel or enforce the payment of the Contributions."  See Greene Decl. ¶ 6, Ex. A (Docket Entry 42-1 at 22, 49, 76, and 98 (at § 4(c))).

## STANDARD OF REVIEW

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings,' but rather must 'set forth specific facts' " establishing a triable issue.  See Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), cert. denied, 541 U.S. 1042 (2004; accord Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).  In other words, the non-moving party must show disputes of material fact so as to preclude the award of summary judgment as a matter of law.  Matsushita Elec. Indus. Co. v. Zenith, Radio Corp., 475 U.S. 574, 586 (1986).

4

In resolving a summary judgment motion, the court may not make credibility determinations. See Black & Decker Corp. v. United States, 436 F.3d 431, 442 (4th Cir. 2006). Moreover, the court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. See Matsushita, 475 U.S. at 587; see also FDIC v. Cashion, 720 F.3d 169, 173 (4th Cir. 2013); Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).

The "judge's function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

## ARGUMENT

**A.   SUMMARY JUDGMENT SHOULD BE DENIED AS TO ALL OF PLAINTIFFS' CLAIMS BECAUSE PLAINTIFFS' OWN MOTION CREATES A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER AAS IS BOUND TO A CBA WHICH REQUIRES AAS TO PAY FUND CONTRIBUTIONS**

Plaintiffs argue that AAS was bound to a CBA from since February 1, 2008 until present. However, Plaintiffs submitted a CBA dated September 15, 2011 between the Sheet Metal Contracting Division of the Construction Industry between Sheet Metal Workers' International Association Local Union No. 28 and Sheet Metal & Air Conditioning Contractors Association of New York City, Inc. (hereinafter "SMACCA") and SMACNA of Long Island, Inc. (hereinafter "SMACNA").

Despite the fact that the CBA submitted by Plaintiffs expired on July 31, 2014, AAS disputes the fact that it was bound to the CBA submitted by Plaintiffs at all.  In fact, Plaintiffs' own papers create a genuine issue of material fact as to whether AAS was bound to a CBA. Plaintiffs allege that AAS was bound to a CBA beginning in or about February 1, 2008.

5

However, the expired CBA submitted by Plaintiffs in support of their motion was effective only in 2011.

Summary judgment must be denied on this ground alone, as – without a valid CBA – there remains a question as to whether AAS is or was bound to pay any funds contributions whatsoever.

**B.   SUMMARY JUDGMENT SHOULD BE DENIED AS TO PLAINTIFFS' DAMAGES CLAIMS AS A DISPUTE OF MATERIAL FACT EXISTS AS TO WHEN AAS WAS NO LONGER REQUIRED TO CONTRIBUTE TO THE FUNDS**

It is well settled that, to succeed on a motion for summary judgment, the movant has the burden of showing that there is no genuine issue of fact.  See Anderson, 477 U.S. at 256 (1986). Though the amounts Plaintiffs seek for September 2013 through January 2014 are undisputed under the CBA to which AAS was formerly bound to, AAS disputes that it is liable for any contributions for the remainder of 2014.

All Local 28 manpower was pulled from AAS in January 2014 and a letter from the Plaintiffs was sent via certified mail in July 2014 confirming that AAS was no longer bound to make funds contributions.  As such, Plaintiffs cannot be entitled to funds contributions through December 2014.  The foregoing, alone, is sufficient evidence to establish that a genuine dispute of material fact exists.

Summary judgment must be denied because there is a dispute as to when AAS' requirement to submit funds contributions ceased.  The date AAS' obligations ceased is a material fact because it greatly affects alleged damages owed to Plaintiffs.  See Asbestos Workers Local 24 Pension Fund v. NLG Insulation, Inc., 760 F. Supp. 2d 529, 533 (D. Md. 2010) (citing the date an employer ceased being obligated to contribute to the Fund as a material fact); see also Trustees of the Nat. Automatic Sprinkler Indus. Welfare Fund v. IT & M Div.,

6

Inc., No. CIV. PJM 12-3434, 2014 WL 3866002, at *2, n. 4 (D. Md. Aug. 4, 2014) (where the date required contributions ceased was a disputed material fact).

Accordingly, a trial is necessary to determine when AAS' obligations to pay funds contributions ceased.

**C.    SUMMARY JUDGMENT SHOULD BE DENIED AS TO PLAINTIFFS' DAMAGES CLAIMS AS A DISPUTE OF MATERIAL FACT EXISTS AS TO THE FUNDS' CALCULATIONS OF DAMAGES**

In support of their motion for funds contributions following January 2014 – which AAS disputes in its entirety – Plaintiff submitted a "breakdown" of the contributions allegedly owed to the Funds.  The document's label as a "breakdown" is, in all respects, a misnomer.

Whereas all required funds contributions prior to January 2014 were broken down by month, Plaintiffs did not break down the alleged funds contributions after January 2014 by any identifiable measure.  In fact, despite due demand by Defendant, Plaintiffs did not break down the alleged funds contributions by employee so that AAS could make a determination as to whether Plaintiffs' amount demanded – over $21,000.00 – included only covered employees. Key to this dispute is the fact that only three (3) employees were covered employees under the CBA AAS was bound to.

Thus, an issue of fact exists as to which employees were included in the Funds' "breakdown," and whether said employees were covered employees under the CBA.  It must be noted that, whether the employees were covered for purposes of the CBA may be moot, as AAS has brought forth sufficient evidence to establish that its obligations to submit funds contributions ceased as early as January 2014.

Courts have previously held that such issues of fact warrant the denial of summary judgment.  See Trustees of the Plumbers & Gasfitters Local 5 Ret., Sav. Fund v. Conditioned Air

7

Sys., Inc., No. CIV. CCB-12-730, 2014 WL 1292105, at \*11 (D. Md. Mar. 28, 2014) ("Defendants claim plaintiffs are not entitled to summary judgment because the plaintiffs have failed to identify which estimating method they used and how they calculated the claimed amounts, thus creating a genuine dispute as to the accuracy of the estimations … The court agrees that the defendants have raised a genuine dispute of fact as to the accuracy of the estimations").

Accordingly, summary judgment must be denied on the grounds that genuine issues of material facts exist as to which employees were included in the Funds' "breakdown" and whether said employees were covered employees under a CBA that AAS was bound to.

**D.   THE FUNDS ARE IN BREACH OF THEIR TRUST DOCUMENTS**

The Funds' own trust documents state that they should not suffer waste in the expenditure of funds to collect from delinquent employers if such expense is greater than what they may expect to collect from a delinquent employer.  See General Material Issues of Fact Not in Dispute, *supra*, ¶ 1.

AAS has proffered confidential evidence in the course of discovery to show that it does not have enough assets to cover any judgment the Funds may receive from pursuing this action and is, effectively, judgment proof.  Nevertheless, Plaintiffs carry on with this federal lawsuit engaging in costly discovery and motion practice in direct contravention of their own governing document.

Accordingly, the Court should order an *in camera* review of AAS' financial statements and order mediation of this dispute.

8

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiffs' motion for summary judgment in its entirety.

Dated:    July 29, 2015                    ALL AROUND SPIRAL, INC

/s/ David A. Warrington
David Alan Warrington (VSB No. 72293)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com

Thomas M. Wolf (VSB No. 31698)
LeClair Ryan, A Professional Corporation
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Phone: (804) 916-7143
Fax: (804) 916-7243
thomas.wolf@leclairryan.com

Robert F. Milman (admitted *pro hac vice*)
Emanuel Kataev (admitted *pro hac vice*)
Milman Labuda Law Group, PLLC.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
Phone: (516) 328-8899
Fax: (516) 328-0082
rob@mllaborlaw.com
emanuel@mllaborlaw.com

*Counsel for All Around Spiral, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2015, I electronically filed the foregoing DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system, which will send notice of such filing to counsel of record who are registered with CM/ECF.

/s/ David A. Warrington
David Alan Warrington (VSB No. 72293)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com

10