IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, INTERNATIONAL   :
TRAINING INSTITUTE FOR THE SHEET   :
METAL AND AIR CONDITIONING   :
INDUSTRY, *et al.*   :
          Plaintiffs,   :   **Case No.:**
             :   **1:14-cv-782 (JCC) (IDD)**
  v.   :
             :
ALL AROUND SPIRAL, INC.,   :
             :
          Defendant.   :

## <u>DECLARATION OF ROBERT F. MILMAN, ESQ.</u>

Robert F. Milman, Esq. deposes and says:

1. I am an attorney at law duly licensed to practice before the Bar of the State of New York and am admitted *pro hac vice* in the United States District Court, Eastern District of Virginia for the above referenced matter. <u>See</u> Docket Entry 17.

2. I serve as counsel for Defendant All Around Spiral, Inc. (hereinafter "AAS") together with local counsel LeClairRyan. <u>See</u> Docket Entries 6, 32.

3. Though AAS was once bound by a CBA with Sheet Metal Workers' International Association Local Union No. 28 ("Local 28"), it ceased to be bound by the CBA in January 2014, when Local 28 pulled all manpower from AAS.

4. On June 1, 2015, my office submitted to Plaintiffs' counsel responses to Plaintiffs' First Requests for Production of Documents. Included within the documents provided by AAS was a Special Broadcast from Local 28 to all Local 28 contractors informing them that all Local 28 manpower has been removed from AAS. A true and accurate copy of the special broadcast is attached hereto as **Exhibit A.**

5. Also included within the documents provided by AAS to Plaintiffs was a July 20, 2014 letter from the Stabilization Agreement of the Sheet Metal Industry terminating AAS' status as a contributing employer effective August 1, 2014. A true and accurate copy of the correspondence is attached hereto as **Exhibit B.**

6. Despite the fact that the Funds subsequently terminated AAS on July 22, 2014, AAS' obligations to make funds contributions ceased as a result of the January 2014 removal of all Local 28 manpower.

7. Also included within the documents provided by AAS to Plaintiffs were remittance reports submitted to Plaintiffs in the regular course of business for three (3) covered employees: Carros, Kern, and Minieri. A true and accurate copy of one such remittance report is attached hereto as **Exhibit C.**

8. I have reviewed Plaintiffs' breakdown of delinquent funds contributions and my client disputes all amounts allegedly owed following January 2014. Despite due demand, Plaintiffs have failed to provide a breakdown by (at least) each employee so that my client can confirm that only covered employees were included in the Plaintiffs' breakdown.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on: _7/29/2015_

_Robert F. Milman_

Robert F. Milman, Esq.
Member
Milman Labuda Law Group PLLC
Counsel for Defendant AAS